## LIEGEOIS v. McCRACKEN.*

(*Circuit Court, S. D. New York.* February 8, 1882.)

1. PRACTICE—DEMURRER TO COMPLAINT.

 A complaint which alleges that the parol contract sued on was valid under the law of the state where it was made and to be performed, and that it was for a good consideration, is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action.

On Demurrer.

An action was brought on a parol contract, made by the defendant in Connecticut with the plaintiff, at the time residing there, but whom the defendant had the year before seduced in the state of California. In consideration of the seduction the defendant promised to pay the plaintiff annually during her life, for her board, the sum of $500, in monthly payments, and also such sums, not exceeding $500 a year, as should be necessary for her clothing. Payments were made by defendant for about a year, when he refused further to perform his contract. Such a contract by the laws of Connecticut, where it was made and was to be performed, was a valid contract, and the consideration sufficient in law to sustain an express promise made by the defendant to make reparation for injuries sustained by past seduction.

*Francis Fellowes*, for plaintiff.

*E. J. Dooley*, for defendant.

BLATCHFORD, C. J. The complaint does not appear to be demurrable, as showing on its face that it does not state facts sufficient to constitute a cause of action. It sets forth that the contract sued on was a parol contract made in Connecticut, and to be performed there, and that by the law of Connecticut it was and is a valid contract in law, and the consideration for it, set forth in the complaint, was a good consideration for the promises contained in the contract. This seems to be so by the decision in *Smith* v. *Richards*, 29 Conn. 232. But, even if not so, the complaint alleges it to be so, and hence is not demurrable for the cause alleged. The defendant may answer in 20 days on payment of costs.

 *Reported by S. Nelson White, Esq., of the New York bar.